FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 03 2020

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JEFFERY WEBB, Individually and on**                             **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                            No. 4:20-cv-377-LPR

**XPO LOGISTICS MANUFACTURING, LLC**                             **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Jeffery Webb ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Sean Short and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action against Defendant XPO Logistics Manufacturing, LLC ("Defendant"), he does hereby state and allege as follows:

This case assigned to District Judge Rudofsky
and to Magistrate Judge Volpe

### I. PRELIMINARY STATEMENTS

1.      This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and other similarly situated employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Plaintiffs propose a Section 216 collective composed of all other hourly employees.

4. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

5. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. Plaintiff's claims under the AMWA forms part of the same case or controversy and arise out of the same facts as the FLSA claim alleged in this Complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

## III. THE PARTIES

9. Plaintiff is a resident and citizen of Woodruff County.

10. Defendant is a foreign for-profit limited liability company, registered and licensed to do business in the State of Arkansas.

11. Defendant's registered agent for service of process in Arkansas is Registered Agent Solutions, Inc., at 4250 North Venetian Lane, Fayetteville, Arkansas 72703.

12. Defendant maintains a website at https://www.xpo.com/.

## IV.  FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14. Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the putative collective.

15. Defendant provides supply chain solutions for companies around the world.

16. Defendant operates multiple manufacturing facilities worldwide, including a facility in Arkansas, and has one corporate headquarters that centralizes all pay, time and human resource policies so that they are the same across its facilities.

17. During the time period relevant to this case, Plaintiff was employed at Defendant's manufacturing facility in Searcy.

18. Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such tools and truck parts.

19. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

20. Within the past three (3) years preceding the filing of this Complaint, Defendant continuously employed at least four employees, including Plaintiff.

21. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as an hourly-paid manufacturing facility employee.

22. Plaintiff was employed by Defendant as an hourly-paid manufacturing facility employee from approximately January of 2020 until March of 2020.

23. Within the three years prior to the filing of Plaintiff's Original Complaint, Defendant paid Plaintiff an hourly wage and classified Plaintiff as non-exempt from the requirements of the FLSA.

24. At all material times, Plaintiff and similarly situated employees have been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

25. Plaintiff and other hourly-paid employees regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

26. Plaintiff and other hourly-paid employees were classified as hourly employees and paid an hourly rate.

27. Plaintiff and other hourly-paid employees recorded their hours worked via an electronic time clock, which logged their hours into a payroll system maintained by Defendant.

28. Upon information and belief, the payroll system used by Defendant rounded hours worked by Plaintiff and other hourly-paid employees in favor of Defendant.

29. Upon information and belief, the rounding in Defendant's time-keeping system resulted in several hours of unpaid work each month for Plaintiff and other hourly-paid employees.

30. Plaintiff worked for Defendant at Defendant's facility in Searcy and Defendant's pay practices were the same for all hourly workers at the Searcy facility.

31. The pay practices that violate the FLSA and AMWA alleged herein was a centralized human resources policy implemented uniformly from Defendant's corporate headquarters.

32. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other hourly-paid employees violated the FLSA and AMWA.

33. Defendant's hourly-paid employees were classic manual laborers, working with machinery and equipment to produce Defendant's products in a factory setting.

## V. REPRESENTATIVE ACTION ALLEGATIONS

34. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

35. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

36. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

37. Plaintiff brings his FLSA claim on behalf of all hourly-paid employees employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B.  Liquidated damages; and

C.  Attorneys' fees and costs.

38.  The members of the proposed FLSA Collective of hourly-paid employees are similarly situated in that they share these traits:

A.  They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B.  They were paid hourly rates;

C.  They recorded their time in the same manner; and

D.  They were subject to Defendant's common policy of rounding time worked in Defendant's favor.

39.  Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective of hourly-paid employees but believe that the group exceeds 200 persons.

40.  Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## VI.  FIRST CLAIM FOR RELIEF
### (Individual Claim for FLSA Violation)

42.  Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

43. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 in one week and to pay 1.5x regular wages for all hours worked over 40 hours, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

44. During the period relevant to this lawsuit, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

45. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x his regular rate of pay for all hours worked over forty (40) in each one-week period.

46. Defendant's failure to properly pay overtime wages to Plaintiff stems from Defendant's acts of illegally rounding hours worked by Plaintiff \ in Defendant's favor and not paying Plaintiff for all hours worked.

47. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

48. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

49. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.  SECOND CLAIM FOR RELIEF
### (Individual Claim for AMWA Violation)

50. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

51.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated § 11-4-201, *et seq.*

52.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

53.     AMWA Section 211 requires employers to pay all employees 1.5x regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

54.     Defendant failed to pay Plaintiff all overtime wages owed, as required under the AMWA.

55.     Defendant's failure to properly pay overtime wages to Plaintiff stems from Defendant's acts of illegally rounding hours worked by Plaintiff in Defendant's favor and not paying Plaintiff for all hours worked.

56.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

57.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

58.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

59.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

60.   Plaintiff brings this collective action on behalf of all similarly situated hourly workers employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for all the overtime compensation for all the hours they worked in excess of forty (40) each week.

61.   Plaintiff brings this action on behalf of himself individually and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

62.   During the period relevant to this lawsuit, Defendant classified Plaintiff and all similarly situated members of the FLSA collective as non-exempt from the overtime requirements of the FLSA and paid them an hourly wage.

63.   Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

64.   In the past three years, Defendant has employed at least two-hundred hourly employees.

65.   Like Plaintiff, these hourly employees regularly worked more than forty (40) hours in a week.

66.   Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

**All hourly manufacturing facility employees
in Searcy within the past three years.**

67. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

68. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

69. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jeffery Webb respectfully prays that Defendant be summoned to appear and to answer herein as follows:

A. That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B. A declaratory judgment that Defendant's practices violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

C. A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the related regulations;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

  E. Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

  F. Judgment for damages for all unpaid overtime compensation under the AMWA, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

  G. Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and the collective during the applicable statutory period;

  H. Judgment for liquidated damages pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations; in an amount equal to all unpaid overtime compensation owed to Plaintiff and members the collective during the applicable statutory period;

  I. An order directing Defendant to pay Plaintiff and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

  J. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**JEFFERY WEBB, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_/s/ Sean Short_
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

_/s/ Josh Sanford_
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JEFFERY WEBB, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.            No. 4:20-cv-_377-LPR_

**XPO LOGISTICS MANUFACTURING, LLC**            **DEFENDANT**

### CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly manufacturing facility worker for XPO Logistics Manufacturing, LLC, within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_/s/ Jeff Webb II_
**JEFFERY WEBB**
April 3, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**